IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR194-1 |
| | : | 1:14CR414-1 |
| v. | : | |
| | : | |
| DONALD RAY MORGAN | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, DONALD RAY MORGAN, in his own person and through his attorney, Richard A. McCoppin, and state as follows:

1.  The defendant, DONALD RAY MORGAN, is presently under Indictment in case number 1:14CR194-1, which charges him with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm.

The defendant, DONALD RAY MORGAN, is also charged by Information in case number 1:14CR414-1, with a violation of Title 18, United States Code, Section 2339B, attempted provision of material support to a foreign terrorist organization.

2.  The defendant, DONALD RAY MORGAN, will enter a voluntary plea of guilty to the Indictment herein and to the charge in the Information herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, DONALD RAY MORGAN, understands that as to the Indictment herein the maximum punishment is not more than ten years and the maximum fine for the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, DONALD RAY MORGAN, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, DONALD RAY MORGAN, also understands that as to the Indictment herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, DONALD RAY MORGAN, further understands that upon the acceptance by the Court of a guilty plea to the Indictment, the defendant could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e)(1), at the time of sentencing if the defendant has three previous convictions by any court for a violent felony or a

2

serious drug offense, committed on occasions different from one another. If the Court determines that Title 18, United States Code, Section 924(e)(1), is applicable, the term of imprisonment shall be not less than fifteen years. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The defendant, DONALD RAY MORGAN, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    d.    The defendant, DONALD RAY MORGAN, understands that, as to the charge in the Information herein, the maximum punishment is a term of imprisonment of not more than fifteen years and the maximum fine is not to exceed $250,000. Any sentence that includes a term of imprisonment shall also include a term of supervised release of not more than three years in addition to such term of imprisonment.

    e.    The defendant, DONALD RAY MORGAN, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing ranges prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is

required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range or ranges prescribed by the Guidelines, and then will consider that information as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a), before imposing the sentence.

   f. The defendant, DONALD RAY MORGAN, understands that, if he is not a citizen of the United States, entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, DONALD RAY MORGAN, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

   3. By voluntarily pleading guilty to the Indictment herein, and to the charge in the Information herein, the defendant, DONALD RAY MORGAN, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented,

4

and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DONALD RAY MORGAN, is going to plead guilty to the Indictment herein and to the charge in the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, DONALD RAY MORGAN, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, DONALD RAY MORGAN, agrees to and does hereby abandon any interest that he has in the firearm set out in the Indictment herein.

6. The defendant, DONALD RAY MORGAN, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties,

5

including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that, if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, DONALD RAY MORGAN, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, DONALD RAY MORGAN, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in these cases other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 30 day of October, 2014.

RIPLEY RAND
United States Attorney

RICHARD A. McCOPPIN
Attorney for Defendant

GRAHAM T. GREEN
NCSB #22082
Assistant United States Attorney

DONALD RAY MORGAN
Defendant

251 N. Main Street, Ste. 726
Winston-Salem, NC 27101

336/631-5268

PSG

7