IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

United States of America

v.  Case No: 14-cr-0194/0414-TDS

Donald Ray Morgan

Defendant

MOTION TO VACATE, CORRECT, OR, SET ASIDE SENTENCE PURUSANT TO 28 USC §2255

Comes now the Defendant, Donald Ray Morgan, and, I Move this Court to Vacate, Set Aside, or, Correct, the Sentence in this matter Pursuant To 28 USC §2255. In support, I state as follows:

Grounds For Relief

1) Morgan is actually innocent of violating 18 USC §922(g)(1) pursuant to Rehaif v United States 139 S Ct 2191 (2019) and United States v Gary 954 F 3d 194 (4th Cir 2019) because he was unaware that his felony conviction in North Carolina for Discharging a Firearm Into Occupied Property prohibited him from possessing a long gun, the charged AK-47, on his own property.

Factual And Procedural Background

2) On April 16, 1997, Morgan was convicted of Discharging a Firearm Into Occupied Property in Rowan County, North Carolina, Superior Court. At that time, North Carolina law permitted a convicted felon to own and possess a long gun on their own property, and, Morgan was advised such during his legal proceedings and sentence, including by his Parole Of-

-1-

ficer. Sworn Declaration Of Donald R Morgan ("Morgan Decl") para 2. Morgan does not have access to historical North Carolina statutes at his current place of imprisonment and so cannot cite the statute at this time.

3) In January 2012, Morgan sold an AK-47 legally owned and registered to his step-father, on his step-father's behalf, to an FBI Confidential Human Source ("CHS"). Morgan Decl para 3. Morgan's possession of the AK-47 charged in this case involved transferring it from a closet to the FBI CHS. Morgan Decl para 3. Had Morgan been aware of his status, he would not have taken possession of the firearm. Morgan Decl para 4.

4) On October 29, 2014, Morgan was charged in this matter by information, which was then joined to another matter, United States v Morgan MD NC Case No: 14-cr-0414. Doc 1. The charge in this matter, United States v Morgan Case No: 14-cr-0194, was one count of violation of 18 USC §922(g)(1). Doc 1. On October 30, 2014, Morgan pled guilty. Doc 4-5. Morgan was not advised at any point that his knowledge of his status as a prohibited person was a necessary element of the offense. Morgan Decl para 5. Had Morgan been aware that such knowledge was a necessary element, he would not have pled guilty. Morgan Decl para 6.

5) There was no direct appeal in this matter and this is the first motion pursuant to 28 USC §2255.

Standards
---------

6) 28 USC §2255(a) provides that:

"A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that his sentence was imposed in violation of the Constitution or laws of the United States, or, that the court was without jurisdiction

-2-

Case 1:14-cr-00414-TDS   Document 23-1   Filed 10/19/20   Page 2 of 6

to impose such sentence, or, that the sentence was in excess of the maximum authorized by law, or, is otherwise subject to attack, may move the court who imposed the sentence to vacate, set aside, or, correct the sentence."

7) 28 USC §2255(f) places a one year statute of limitations on a motion pursuant to 28 USC §2255. United States v Brown 868 F 3d 297 (4th Cir 2017); Whiteside v United States 775 F 3d 180 (4th Cir 2014) (en banc). However, a claim of actual innocence in conjunction with a claim of the denial of a Constitutional right, an incorrect statutory interpretation, or, other grounds for relief, is sufficient to waive the statute of limitations. McQuiggin v Perkins 569 US 383 (2013); Schlup v Delo 513 US 298 (1995). Here, Morgan claims that he is actually innocent of violating 18 USC §922(g)(1), and, that his guilty plea was the result of a structural error on a theory "so novel that its legal basis was not reasonably available to counsel." Reed v Ross 468 US 1 (1984).

8) On June 21, 2019, the Supreme Court decided Rehaif, finding that knowledge that one was prohibited from possessing a firearm was a necessary element of a violation of 18 USC §922(g)(1). On March 25, 2020, the Fourth Circuit ruled in Gary that the failure to advise a defendant of a necessary element of an offensive deprives him of the ability to make a rational decision regarding a plea, and, thus, is a structural error in any proceeding where a plea bargain is involved. Such an error does not have to be reviewed for prejudice. Gary.

9) At the time of Morgan's guilty plea, settled law in this Circuit precluded him from arguing that knowledge of one's status was a necessary element of a violation of 18 USC §922(g)(1). United States v Langley 62 f 3d 602 (4th Cir 1995) (en banc).

-3-

Argument
--------

10) This is a cookie-cutter <u>Rehaif</u> case brought in a first 28 USC §2255 motion. Morgan pled guilty to possessing a firearm in violation of 18 USC §922(g)(1), and, was not apprised that knowledge of one's status as a convicted felon was a necessary element of a violation of 18 USC §922(g)(1). This was structural error per <u>Gary</u> and mandates vacatur of the 18 USC §922(g)(1) conviction.

11) Unlike <u>Gary</u>, though, Morgan here has a plausible claim of actual innocence; in fact, Morgan is actually innocent. He did not know that he was prohibited from taking his step-father's AK-47 from a closet to the FBI CHS while on property owned by his family with whom he resided. Thus, unlike <u>Gary</u>, this is a case where Morgan would have certainly chosen to go to trial had he been correctly apprised of the law.

12) Morgan's motion has been brought more than one year after <u>Rehaif</u> was decided, but, within one year of the decision in <u>Gary</u>. Because Morgan is actually innocent, there is no issue with the statute of limitations.

For the above good cause shown, Morgan's conviction pursuant to 18 USC §922(g)(1) should be vacated.

Respectfully Submitted,

Donald Ray Morgan
USMS 80886-053
USP-Marion
PO Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE
----------------------

I hereby certify that this Motion to Vacate was mailed to the Clerk of the Court and the US Attorney's Office for the Middle District of North Carolina 1st Class Postage prepaid this 28th day of September, 2020.

Donald Ray Morgan

```
IN THE UNITED STATES DISTRICT COURT FOR THE
         MIDDLE DISTRICT OF NORTH CAROLINA
```

United States of America      [
                              [
                              [
                              [
v                             [   Case No: 14-cr-0194/0414-TDS
                              [
Donald Ray Morgan             [
                              [
                              [
                              [
     Defendant                [
                              [

SWORN DECLARATION OF DONALD R MORGAN

-------------------------------------------------------------

I, Donald Ray Morgan,                                    do hereby aver under penalty of perjury this 23rd day of September, 2020, that the following is true and correct:

1) I am over 18 and have personal knowledge of the following.

2) On April 16, 1997, I was convicted in Rowan County, North Carolina, Superior Court of Discharging A Firearm Into Occupied Property. I was advised at this time and/or during the service of my sentence, including by my parole officer, that, upon termination of my parole, I would be permitted under North Carolina law to possess a long gun on property which I owned and/or resided on.

3) In January 2012, I advertised for sale on the internet a Norinco AK-47 owned by and registered to my stepfather. After agreeing to sell the AK-47 to a person I later discovered was an FBI Confidential Human Source ("CHS"), I took possession of the AK-47 just long enough to transfer it from a closet where it was stored by my stepfather to the FBI CHS.

4) Had I been aware that my status prohibited me from possessing a firearm, I would not have committed the acts of para 3, supra.

-1-

5) I was not apprised during these proceedings by any person, including my counsel, that knowledge of one's status as a person prohibited to own or possess a firearm in the particular charged circumstances was an element of a violation of 18 USC §922(g)(1).

6) Had I been apprised that knowledge of one's status as a prohibited person as per <u>para</u> 5, supra, was an element of a violation of 18 USC §922(g)(1), I would not have pled guilty to this Count and would have proceeded to trial.

Having so averred, I sayeth no more under oath.

_____
Donald Ray Morgan

-2-