ATTACHMENT #1

بسم الله الرحمن الرحيم

18 June 2020

Mr. Burgess & appropriate staff incl. Warden Sproul:

My home address is 321 Maupin Ave, Salisbury, NC 28144 with my elderly mother Linda Moore. She is 74 years old recovering from breast cancer, balancing diabetes and recently had tumors removed from her lungs. This is the primary foundation and grounds that I am requesting compassionate relief and home confinement consideration so that I may be able to give aid and assistance to my mother as her live in assistant. Her health, age and lack of support makes her vulnerable, but with the pandemic of Covid-19, she is in more danger. I am 50 years old and having positively completed high value programs, anger mgmt, PTSD veteran resilience and criminal thinking. These are not leatherworks or P90X but core and important programs related to rehabilitation, turning corners in my outlooks and attitudes moving forward. I have completed over 25% of my sentence as well as reducing my security threat assessment to a medium security level without mgmt variables or high/max status. Even in population settings, I served as the butcher at FCI Beckley, which speaks volume to the trust and confidence the FSA/AFSA and staff had placing me in such a high security position. I served in that capacity over ½ year and was never terminated nor reprimanded. I maintained a job at FCI Hazelton, and here in CMU Marion even today perform sanitation and cleaning duties to combat possible Covid-19 infections. My point is I have displayed strong work ethics and responsibility. Over my 6 years, I have and continue to review, assess and make changes to my attitude, outlook and actions. I have two priorities, my mother, who I described above and my son, who I do my best to protect and guide. Obviously, my ability to be present would improve and protect his life and future. In fact, CMU has only diminished my contact, relationship and ability to connect in a meaningful way with the family I have left much less life long friends to the already reduced level of connection prison, in general, obstructs. Lastly, I am not shy to express my disagreement that 20 years was fair or appropriate considering my only crime appears to be in thought, opinion, expression and faith regardless of others disagreement or dislikes of my right to express it. I am not accused nor proven to

HAVE PHYSICALLY COMMITTED ANY VIOLENCE, ASSAULT, INJURY ETC. SO AGAIN, I RECEIVED A SENTENCE NOT FOR AN ACT BUT A BELIEF AND THE EXPRESSION OF IT. THIS IS ONLY A MENTION AND NOT THE BASIS OF MY REQUEST FOR RELIEF BE IT AS COMPASSIONATE RELEASE, HOME CONFINEMENT OR SENTENCE REDUCTION. MY REQUEST IS BASED UPON AIDING, ASSISTING AND PROTECTING MY ELDERLY MOTHER, CONTINUE TO BE ABLE TO PROVIDE AND RAISE MY SON, AND MY GROWTH AND MATURING IN MY VIEWS, ATTITUDE AND SUCCESSFUL COMPLETION OF RELEVANT PROGRAMS. I STILL HAVE AND ADHERE TO MY FAITH, BUT I HAVE LEARNED TO EXPRESS MYSELF AND PURSUE A MIDDLE PATH. SO IN CONCLUSION, I AM APPEALING TO WHOMEVER I CAN TO OPEN THE DOOR TO CONSIDER MY REQUEST TO HAVE A CHANCE TO BE WITH MY MOTHER, AID AND ASSIST HER, TO PROVIDE FOR AND PROTECT MY SON AND CONTRIBUTE TO MY FAMILY ESPECIALLY IN THESE CONCERNING TIMES OF PANDEMICS, RACIAL DIVIDES AND ECONOMIC UNCERTAINTY.
THANK YOU FOR YOU TIME, ATTENTION AND CONSIDERATION.

RESPECTFULLY,

DONALD MORGAN
#80886-053

**MORGAN, Donald #80886-053**

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Specifically, you state your mother is recovering from breast cancer, diabetes, and tumors removed from her lungs. An ailing parent is not a criteria of Compassionate Release. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

| | |
|---|---|
| 8-25-20 | *[signature]* |
| Date | D. Sproul, Warden |