# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:14CR194-1 |
| | : | 1:14CR414-1 |
| DONALD RAY MORGAN | : | |

## GOVERNMENT'S MOTION TO DISMISS AND RESPONSE TO PETITIONER'S *REHAIF*-BASED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

NOW COMES the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and files this motion to dismiss and response to Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Petitioner previously pleaded guilty to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) ("922(g) conviction"), as well as attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B.[1]  Petitioner seeks *vacatur* of his § 922(g) conviction via 28 U.S.C. § 2255 ("Section 2255 Motion"), claiming his guilty plea was invalid and

---

[1] Petitioner has filed the instant § 2255 in both cases 14CR194-1 and 14CR414, however, his conviction under 18 U.S.C. § 922(g)(1) appears only in case 14CR194.

unconstitutional in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[2]

His motion is untimely and should be dismissed on that basis. Nonetheless, even if considered, it should be dismissed because his *Rehaif* claim was procedurally defaulted. Additionally, even if Petitioner's claim was not procedurally defaulted, it fails on the merits.[3] Accordingly, Petitioner's § 2255 Motion should be dismissed.

<u>MOTION TO DISMISS</u>

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion. As provided, under 28 U.S.C. 2255(f), this "limitation period shall run from the last of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] To the extent Petitioner relies on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) deeming a *Rehaif* error to be "structural," that decision was recently reversed by the Supreme Court, and no longer serves as any basis for relief in this § 2255 proceeding. *Greer v. United States,* 141 S. Ct. 2090 (2021) (reversing *Gary* and, *inter alia*, holding a *Rehaif* error is not structural). Accordingly, that argument is not addressed herein.

[3] The United States notes that, at this time, it does not contest whether *Rehaif* is retroactive on collateral review. However, neither the Supreme Court nor the Fourth Circuit has said that it is. *Cherry v. United States*, 499 F.Supp.3d 263 (E.D.Va. 2020).

2

(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The sole ground for Petitioner's motion is the Supreme Court's decision in *Rehaif*. However, even assuming *Rehaif* was made retroactively applicable to cases on collateral review, Petitioner can only proceed under section 2255(f)(3) if he filed his Section 2255 Motion within one year of the *Rehaif* decision (i.e., by June 21, 2020). He failed to do so, and his Section 2255 Motion must therefore be dismissed as untimely. Here, the record shows Petitioner dated his Section 2255 Motion on September 28, 2020, more than three months after the deadline. *See* § 2255 Pet., Dkt. #33 at 8; Dkt #23 at 8.[4] It was entered on the docket thereafter. Dkt. #33, 23. Thus, his untimely claim should be summarily dismissed. *See* 28 U.S.C. § 2255(f)(3).

## DISCUSSION

Even if considered substantively, Petitioner's motion fails. In *Rehaif*, the Supreme Court held that § 922 does not criminalize a defendant's "innocent mistake" and that a conviction under § 922(g) therefore requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197; *see*

---

[4] All references to docket entries are made to cases 1:14CR191 and 1:14CR494, respectively.

3

*also id.* at 2198 (explaining that § 922(g) does not criminalize possession of a firearm by a convicted felon who was "sentenced only to probation …[and] who [did] not know that the crime [was] 'punishable by imprisonment for a term exceeding one year'"). Petitioner's § 2255 claim centers around *Rehaif*, but Petitioner attempts to use *Rehaif* to claim that his conviction is invalid because he did not have the requisite knowledge that as a convicted felon, he was prohibited from possessing a firearm. *See* § 2255 Pet., Dkt. #33, 23. Petitioner also argues that he is "actually innocent" of his offense because at the time of his release from post-release supervision in 1999, the North Carolina Felony Firearms Act (N.C.G.S. § 14-415.1) permitted felons to possess firearms in their own home or lawful place of business, and he was allegedly advised of such by his parole officer, he did not have the requisite knowledge that he was prohibited from possessing a firearm. *See* § 2255 Pet., Dkt. # 33-1, 23-1 at 1-2.

These arguments fail. First, Petitioner's claim is procedurally defaulted, and he cannot overcome this default. Petitioner cannot demonstrate cause for the default and actual prejudice because the claim he asserts was available to him and is not a novel legal argument. Further, Petitioner cannot demonstrate actual innocence because he knew he was a convicted felon. *Rehaif* does not impose a burden on the government to prove that Petitioner, as a convicted felon, knew he was prohibited from possessing firearms. Second, even if Petitioner could overcome the default, any error was harmless.

4

1.      Petitioner procedurally defaulted his *Rehaif* claim.

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm (*e.g.*, a convicted felon). *Rehaif*, 139 S. Ct. at 2200. Petitioner contends his § 922(g) conviction should be overturned because he is "actually innocent" in that he did not know he was prohibited from possessing a firearm as a convicted felon. Dkt. #33-1, 23-1 at 4. In essence, Petitioner contends he was not properly informed of the elements of the § 922(g) offense, which rendered his guilty plea unintelligent and constitutionally invalid. *See generally Bousley v. United States*, 523 U.S. 614, 618 (1998) ("[A] plea does not qualify as intelligent unless a criminal defendant first received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

However, a defendant who fails to challenge on direct review the constitutional validity of a guilty plea to a federal offense on the basis that the court misinformed him about the elements of the offense procedurally defaulted the claim on collateral review. *Bousley*, 523 U.S. at 621-23. Indeed, a § 2255 motion is not a substitute for direct appeal. *United States v. Frady*,

5

456 U.S. 152, 167-68 (1982). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted).

For example, in *Bousley*, the U.S. Supreme Court found that if a prisoner can show that he was misinformed as to the essential elements of a § 924(c) offense at the time of his plea, the plea was constitutionally invalid. 523 U.S. at 617–18. Nevertheless—and critically for present purposes—the Court also found that traditional procedural-default rules still applied if the error was *first raised in a § 2255 motion*: "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only if* first challenged on direct review." *Id.* at 621 (emphasis added). Thus, if the prisoner did not raise the claim on direct appeal, he had procedurally defaulted the claim and, unless he could overcome the default, he could not raise it for the first time in a § 2255 motion.

Here, Petitioner does not allege, nor can he establish, that he previously objected in this Court or on direct appeal to the sufficiency of the § 922(g) charge to which he pled guilty, or to the Government's proffer at the Rule 11 proceeding. Accordingly, he has procedurally defaulted this claim. *Id.*; *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986) (holding that a claim not raised on direct

6

appeal is procedurally defaulted); *Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (explaining that a claim was defaulted when no contemporaneous objection was lodged at trial); *Rose v. United States*, No. 5:20-CV-64-KDB, 2021 WL 2042092, at *5 (W.D.N.C. May 21, 2021) (finding that a petitioner procedurally defaulted his *Rehaif* claim); *United States v. Williams*, Cr. No. 3:18-794-CMC, 2021 WL 1197445, at *5 (D.S.C. Mar. 30, 2021) (same); *United States v. Claytor*, No. 7:15-CR-70, 2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (same); *Cherry v. United States*, 499 F. Supp. 3d 263 (E.D. Va. 2020) (same).

      2.    <u>Petitioner has not met his burden (and cannot meet his burden) to overcome his procedural default.</u>

To overcome procedural default, Petitioner bears the burden of showing either: (1) "cause" for the default *and* "actual prejudice" from the asserted *Rehaif* error, or (2) that he is actually innocent. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (quoting *Bousley*, 523 U.S. at 622). Here, Petitioner failed to meet his burden.

First, "cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral

7

review." *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (*en banc*) (citing *Bousley*, 523 U.S. at 623); *accord Reed*, 468 U.S. at 16 (emphasizing that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time" (internal quotation marks and citations omitted)).

In this case, any claim of novelty fails because Petitioner can demonstrate only that the § 922(g) challenge was futile at the time he pled guilty, not that it was actually unavailable. Indeed, the question presented in *Rehaif* "was percolating in the courts for years" beforehand. *United States v. Bryant*, No. 11-CR-765-RJD, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020); *see also Rehaif*, 139 S. Ct. at 2199 (observing that, even "[p]rior to 1986 . . . there was no definitive judicial consensus that knowledge of status was not needed."). Petitioner does not allude in his petition to any other grounds that could otherwise constitute cause. Thus, Petitioner cannot establish cause to overcome his procedural default. *See Rose*, 2021 WL 2042092, at *5 (explaining that because the petitioner only demonstrated futility, not that the § 922(g) challenge was unavailable, he could not establish the cause necessary to procedural default); *Williams*, 2021 WL 1197445, at *5 (same) (collecting cases); *Claytor*, 2021 WL 62272, at *3 (same) (collecting cases, including three supporting decisions and one contrary decision).

Case 1:14-cr-00414-TDS   Document 31   Filed 09/10/21   Page 8 of 21

Petitioner also cannot demonstrate actual prejudice. To establish prejudice sufficient to excuse procedural default and obtain collateral relief, Petitioner "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (finding it unnecessary to determine whether the petitioner had shown cause for the procedural default since "he suffered no actual prejudice of a degree sufficient to justify collateral relief"). In particular, Petitioner must show that the *Rehaif* error "worked to his actual and substantial disadvantage," not merely that it "created the possibility of prejudice." *Id.* at 170; *see also United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (holding that "the *Frady* cause and prejudice standard applies to . . . collateral challenges to unappealed guilty pleas"). Thus, Petitioner must show that, because of the court's *Rehaif* error, Petitioner was actually prejudiced by the denial of an entire judicial proceeding to which he had a right. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (explaining that on a § 2255 motion, "when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating 'a reasonable probability' that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial'" (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))).

Here, Petitioner fails to demonstrate the *Rehaif* error worked to his actual and substantial disadvantage. Indeed, the record establishes that the

Government could have easily met its burden on the missing *Rehaif* element for which Petitioner had no defense.

The Government's obligation to prove a defendant's knowledge of his status as a convicted felon is not "burdensome."[5] *Rehaif*, 139 S. Ct. at 2198; *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have very little trouble proving they knew."). After all, "knowledge can be inferred from circumstantial evidence." *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994). Here, there is ample evidence that Petitioner had knowledge of his status as a convicted

---

[5] As the Supreme Court recently stated in *Greer*, which involved cases on direct appeal with *Rehaif* errors:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Greer*, 141 S. Ct. at 2097.

Case 1:14-cr-00414-TDS   Document 31   Filed 09/10/21   Page 10 of 21

felon. First, Petitioner entered an otherwise valid guilty plea to all the elements of the firearm-by-a-felon offense contained in the charge to which he pleaded guilty. Case 14CR194, Dkt. dated 10/30/2014. Additionally, Petitioner's Presentence Investigation Report ("PSR") sets forth a description of the offense conduct, including a discussion by Petitioner of the events surrounding his discharging of a firearm into a restaurant, and establishes Petitioner's knowledge of his felon status. Dkt. #21, 12. Indeed, Petitioner did not object to the felony conviction listed in his PSR. *See* PSR, at p. 28. Moreover, the PSR indicates Petitioner was sentenced to an active term of 25 to 39 months of imprisonment on a felony discharge weapon into occupied property conviction. *See* PSR, at ¶ 59. He was convicted on March 12, 1997, and not paroled until April 11, 1999. *Id.* Thus, he actually ***served*** in excess of 12 months of imprisonment. *Id.* Importantly, Petitioner admits his own felony conviction in his Section 2255 Motion saying, "he was unaware that his **felony conviction** in North Carolina for Discharging a Firearm Into Occupied Property prohibited him from possessing a long gun, the charged AK-47, on his own property." Dkt. #33-1 and #23-1 at 1 (emphasis added). Thus, Petitioner's contention is not that he was unaware of his felony conviction, just that he was unaware he could possess a firearm. *Id.* Such evidence plainly "rebuts any suggestion that the Petitioner did not know of his status as a convicted felon." *Cherry*, 2020 WL 6480921, at *2 (citing *United States v. Huntsberry*, 956 F.3d

11

270, 285 (5th Cir. 2020)). Accordingly, Petitioner has not demonstrated (and cannot demonstrate) actual prejudice from the *Rehaif* error necessary to excuse his procedural default.

To the extent that Petitioner argues he did not know he was prohibited from possessing a firearm because of his felony conviction, there is no such requirement for § 922(g) prosecutions. *See Rehaif*, 139 S. Ct. at 2200. Absence of this information from a Rule 11 colloquy or plea would not result in actual prejudice because it is not a required element of a § 922(g) conviction. Petitioner therefore cannot demonstrate actual prejudice necessary to excuse his procedural default for this argument either.

Finally, Petitioner has failed to demonstrate (and cannot demonstrate) his actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623–24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

As set forth above, the record evidence establishes Petitioner was aware of his felon status when he possessed the firearm resulting in his § 922(g) conviction. That is sufficient to defeat a *Rehaif* claim. *See Rehaif*, 139 S. Ct. at 2200 (holding only that the government has to prove "both that the

defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). *Rehaif* nowhere held that the government has to prove the defendant's knowledge of the unlawfulness of possessing a firearm as a convicted felon, a burden normally reserved for statutes requiring proof of "willfulness." *Cheek v. United States*, 498 U.S. 192, 199 (1991). Thus, even after *Rehaif*, a § 922(g) conviction does not require knowledge of the unlawfulness of possessing a firearm as a convicted felon, but instead only knowledge that one *is* a felon. *See, e.g., United States v. Maez*, 960 F.3d 949, 954 (7th Cir. 2020) ("We do not read *Rehaif* as imposing a willfulness requirement on § 922(g) prosecutions."); *United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019) (explaining that *Rehaif* requires a defendant to "know only that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms"); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

On the record here (as set forth above), Petitioner was aware at the time of his possession of the firearm that he had been "convicted of a crime punishable by imprisonment for a term exceeding one year." *See, e.g., United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) ("The PSR shows that

13

[Defendant's] prior conviction, for the unlawful theft and alteration of a firearm, resulted in a total effective sentence of ten years' imprisonment, with execution suspended after three years, which removes any doubt that [Defendant] was aware of his membership in § 922(g)(1)'s class."); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (holding that the defendant could not show the plain error necessary to vacate his guilty plea where the PSR indicated that he "had served a minimum of 18 years in prison before being arrested for possessing the firearm").

As Justice Alito stated in *Rehaif*, "[j]uries will rarely doubt that a defendant convicted of a felony has forgotten that experience." *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting). Accordingly, on the facts of this case, Petitioner cannot show that it was "more likely than not that no reasonable juror would have convicted him" or that he was actually innocent of the firearm-by-a-felon offense to overcome his procedural default of this issue. *See Schlup v. Delo*, 513 U.S. 298, 328 (1995) ("The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . [evidence that became] available only after the trial." (quotation and citation omitted)).

To the extent Petitioner attempts to argue that he is "actually innocent" because was legally permitted to possess a firearm in his own home or his lawful place of business, this argument also fails. Dkt. #33-1, 23-1 at 4. The

North Carolina law changed in 1995.[6] Based on N.C.G.S. § 14-451.1, the statute provided for a permanent ban on handguns and certain other firearms by ex-felons, with the exception of allowing such possession in an individual's own home or lawful place of business. *See United States v. Farrow*, 364 F.3d 551 (4th Cir. 2004); N.C. Gen. Stat. §14-415.1(a) (1995). However, it is well-settled that even if North Carolina law permitted a felon to possess a firearm within his own home or at his lawful place of business, it was still a violation of federal law for a convicted felon to possess a firearm in any location. Even if Petitioner is arguing that his alleged "lawful" possession of the firearm in his stepfather's business in North Carolina precludes federal prosecution, the United States Supreme Court deems otherwise. If a state restricts a convicted felon from possessing a firearm in certain circumstances (such as outside of the home), 18 U.S.C. § 922(g)(1) prohibits him from possessing the firearm at all, even though it was permitted under state law. *See United States v. Caron*, 524 U.S. 308 (1998).[7] Thus, Petitioner was properly prosecuted under 18 U.S.C.

---

[6] Petitioner committed the state offense in 1996 and was convicted in 1997. PSR at ¶ 59.

[7] In *Caron*, the Supreme Court resolved the question of whether defendants may be prosecuted in federal court for violations of 18 U.S.C. § 922(g)(1), when state laws governing possession of a firearm by convicted felons may permit a felon to possess some types of firearms, inside and outside their homes, but not

§922(g)(1) and is not actually innocent; therefore, Petitioner cannot overcome his procedural default.

3. <u>Alternatively, even if Petitioner can overcome his procedural default, any *Rehaif* error was harmless and thus his petition fails on the merits.</u>

In any event, Petitioner's petition fails on the merits. Once direct review is completed, "a presumption of finality and legality attaches to the conviction and sentence," *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (citation omitted), and courts are "entitled to presume" that the defendant's conviction and sentence are lawful, *United States v. Frady*, 456 U.S. 152, 164 (1982). That "presumption of regularity . . . makes it appropriate to assign a proof burden to the defendant" on collateral review. *Parke v. Raley*, 506 U.S. 20, 31 (1992); *see Hawk v. Olson*, 326 U.S. 271, 279 (1945) (explaining that a prisoner necessarily "carries the burden in a collateral attack on a judgment").

The Fourth Circuit and other courts have agreed that a defendant carries the burden of showing a constitutional violation. *See, e.g.*, *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) ("[T]he district court must determine whether the [§ 2255 movant] has met his burden of showing that

---

others. The *Caron* court held that a state weapons ban on the possession of one or more types of firearms by convicted felons triggers the uniform federal ban on the possession of any firearm by a convicted felon. *Id*. at 315-16.

Case 1:14-cr-00414-TDS   Document 31   Filed 09/10/21   Page 16 of 21

this sentence is unlawful on one of the specified grounds."); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon the petitioner to establish by a preponderance of evidence that he did not intelligently waive his right to assistance of counsel."); *accord United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020) ("A petitioner bears the burden of proof in a § 2255 proceeding.").

An error is harmless on collateral review unless it had a "substantial and injurious effect" on the defendant's conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding that the harmless error standard applicable in review of state convictions is also applicable to review of federal convictions under § 2255); *accord Barnes v. Thomas*, 938 F.3d 526, 533 n.3 (4th Cir. 2019) (explaining that the *Brecht* standard is a "'less onerous harmless-error standard' than the requirement on direct appeal that an error be proven 'harmless beyond a reasonable doubt'" (quoting *Brecht*, 507 U.S. at 623)); *cf. Davis v. Ayala*, 576 U.S. 257, 267 (2015) ("In a collateral proceeding, the test is different. For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" (quoting *Brecht*, 507 U.S. at 637)).

When the Supreme Court reversed the Fourth Circuit's decision in *Gary*, it held that *Rehaif* error does not provide a basis for plain-error relief "unless

17

the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States* and *United States v. Gary*, 141 S. Ct. 2090, 2100 (2021).[8]

Applying plain error review, the Court agreed that in both cases before it, the defendants had satisfied the first two prongs of plain error review: the *Rehaif* error occurred, and the errors were plain. *Id.* at 2097. However, the Court diverged from the *Gary* decision in the Fourth Circuit on the third prong, the substantial rights test: whether Gary had met his burden of showing that, had the district court correctly advised him of the knowledge-of-status element of § 922(g), there was a "reasonable probability" that Gary would not have pled guilty. *Id.* at 2097-98. The Court found no such probability existed, as both defendants were, in fact, felons, and the defendants had made no argument or representation on appeal "that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms." *Id.* at 2098. The Court reasoned that where a defendant fails to make any such argument on appeal, the appellate court "will have no reason to believe that

---

[8] *Greer*, No. 19-8709 (arising from the Eleventh Circuit), addressing a *Rehaif* claim following conviction at trial, and *Gary*, No. 20-444, addressing the same issue in the guilty plea context, were decided in a consolidated opinion. Even had *Gary* been affirmed, the government notes that its holding would have only applied on direct appeal and would not have required the grant of habeas relief on collateral review.

18

the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.* at 2097.

Petitioner never suggested he would have, if properly advised, sought to present evidence that he did not know he was a felon. And with good reason: because he *is* in fact a felon, such a showing would be nearly impossible. There is simply no suggestion here of any "reasonable probability" that Petitioner would have gone to trial instead of pleading guilty, if only he had been apprised of the *Rehaif* knowledge-of-status element.

Thus, Petitioner cannot meet his burden to show that any *Rehaif* error had a "substantial and injurious effect" on his proceedings. As set forth above, the record amply demonstrates Petitioner was aware of his felon status. Indeed, Petitioner cannot credibly contend he was unaware of having been convicted of a crime punishable by imprisonment for a term exceeding one year. Further, there is no requirement that the Government prove Petitioner knew he was prohibited from possessing a firearm as a result of his felon status, so there would be no "reasonable probability" that the outcome would have been different in this matter on that argument by Petitioner either.

In sum, Petitioner's *Rehaif* claim should be denied because any error was harmless.

Case 1:14-cr-00414-TDS   Document 31   Filed 09/10/21   Page 19 of 21

CONCLUSION

For the foregoing reasons, Petitioner's Section 2255 Motion is untimely and should be dismissed on that basis alone. Nonetheless, even if considered, it should be denied and dismissed.

This the 10th day of September, 2021.

SANDRA J. HAIRSTON
Acting United States Attorney


/S/ MARGARET M. REECE
Special Assistant United States Attorney
NCSB #46242
United States Attorney's Office
Middle District of North Carolina
251 North Main Street
Winston Salem, NC 27101

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this 10th day of September, 2021, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Mr. Donald Ray Morgan
Register No. 80886-053
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

/S/ MARGARET M. REECE
Special Assistant United States Attorney
NCSB #46242
United States Attorney's Office
Middle District of North Carolina
251 North Main Street
Winston Salem, NC 27101