IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA     )
                             )
            v.               )          1:14CR194-1
                             )          1:14CR414-1
DONALD RAY MORGAN            )

**<u>ORDER</u>**

Before the court is *pro se* Defendant Donald Ray Morgan's motion for compassionate release in each of the above cases.[1] (Doc. 37 in case 1:14CR194-1; Doc. 27 in case 1:14CR414-1.) The Government has responded in opposition. (Doc. 38) For the reasons set forth below, the motion will be denied.

In October 2014, pursuant to a guilty plea, Morgan was convicted of both the possession of a firearm by a convicted felon and the attempt to provide material support to a foreign terrorist organization in the form of his personal services to ISIS/ISIL. (Doc. 11) On June 4, 2015, this court sentenced him to 63 months of imprisonment in case number 1:14CR194-1 and 180 months of imprisonment in case number 1:14CR414-1, followed by three years of supervised release. (Doc. 28) Morgan's terms of imprisonment run consecutively for a total of 243 months. (Id.) He is incarcerated at Marion USP and has an expected release date of May 14, 2032. (Doc. 38 at 11.)

_____

[1] Because the motions are identical, for convenience the court references the docket in case number 1:14CR194-1.

"Federal law has long authorized courts to reduce sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended § 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to § 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release, or (2) be at least 70 years old, have served 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Mangarella, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020).

Additionally, a court, in considering a reduction in sentence pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission.  Id.  Of note is United States Sentencing Guideline § 1B1.13.  Section 1B1.13 essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2); see also Beck, 425 F. Supp. 3d at 578.  The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release, including when an inmate is suffering from a debilitating medical condition that has "substantially diminishe[d] the ability of the inmate to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 application note 1(a)(ii).

For over two years, the Sentencing Commission has lacked a quorum and thus has not updated its policy statements on compassionate release since the First Step Act was signed into law in December 2018.  United States v. McCoy, 981 F.3d 271, 282 n.6 (4th Cir. 2020).  Thus, the current phrasing of §1B1.13 addresses scenarios in which the BOP Director files a motion for compassionate release, but not situations in which an inmate files

3

a similar motion under § 3582. As the language of § 1B1.13 limits its application to motions filed by the BOP Director, the Fourth Circuit has held that "§ 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." Id. at 282. Accordingly, it has stated that "district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." Id. at 283. However, courts may consider § 1B1.13 as helpful guidance when considering a motion filed by an inmate. Id. at 282 n.7.[2] It is in this regard that the court considers the guidance of § 1B1.13 hereafter in this order.

The Government concedes that Morgan has exhausted his administrative remedies. (Doc. 38 at 2.) The court must therefore consider whether he has demonstrated extraordinary and compelling reasons that warrant a reduction in his sentence.

Morgan requests that this court modify his two convictions to run concurrently, and to reduce his term of imprisonment, on four separate grounds: first, to provide care for his ailing mother; second, based on his treatment while in custody at the Bureau of Prisons; third, based on his completion of several reentry

---

[2] The majority of circuits appear to follow this view that § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A), but this view has been rejected in at least one circuit. See United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021).

4

programs; and fourth, based on a pending § 2255 motion. (Doc. 37 at 2-5.) While the court is sensitive to concerns about Morgan's mother's health, none of the grounds provided is sufficient to merit compassionate release.

As to his first ground for compassionate release, Morgan claims his mother is battling several serious medical conditions, including cancer and diabetes. As sensitive as one is to Morgan's desire to care for his mother, it is the case, as the Government notes, that the family caretaker ground for compassionate release does not extend to parents. (Doc. 38 at 13.) The application notes to § 1B1.13, which this court finds persuasive, describe extraordinary and compelling reasons to grant a compassionate release due to family circumstances. See U.S.S.G. § 1B1.13 application note 1(C). These are limited to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. Other courts that have considered the issue have denied compassionate release to defendants seeking to take care of elderly parents. See Doc. 38 at 13 (collecting cases). The court similarly does so here.

As to his other grounds for compassionate release, the court does not find that Morgan's stated reasons satisfy the

5

"extraordinary and compelling" standard.

First, Morgan states that he is currently on a hunger strike and alleges he has been harassed, oppressed, and disrespected due to his faith. (Doc. 37 at 2-3.) Morgan has other avenues to address these concerns, and these concerns are not contemplated in the policy statement of U.S.S.G. § 1B1.13. Further, Morgan contends his complaints have been ignored, but his administrative remedy file shows that the BOP has addressed his concerns, including religious bias. (See Doc. 38-2, Inmate Administrative Remedy.) The court finds that these reasons do not constitute extraordinary and compelling reasons.

Next, as to Morgan's contention that he is rehabilitated, as noted in Application Note 3, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." See U.S.S.G. § 1B1.13 cmt. n.3. The court finds this is similarly not an extraordinary and compelling reason, alone or in combination with any other reason offered.

Morgan finally references his pending § 2255 claim. This type of collateral attack on his conviction is not appropriately addressed in a compassionate release motion. See United States v. Williams, 2019 WL 6529305, at *1 (E.D.N.C. Dec. 4, 2019) ("The arguments defendant makes relate to validity of her conviction and sentence. Motions for a sentence reduction under § 3582(c)(1)(A)

6

are not substitutes for direct appeal or habeas corpus motions.")

Accordingly, Morgan has not demonstrated extraordinary and compelling reasons to merit compassionate release. The court therefore need not address the § 3553(a) factors, which the Government argues weigh heavily against any release.

Finally, to the extent that Morgan asks this court to order home confinement, that request will be denied. "The BOP has exclusive authority to determine [the] defendant's place of imprisonment, including home confinement, and the BOP's placement decisions are not reviewable by any court." United States v. Gray, NO. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (internal quotation marks omitted). As a result, the court is without jurisdiction to order BOP to place defendant on home confinement. Id. In other words, it could not do so if it wanted to. Furthermore, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), does not provide this court with authority to order home confinement. Gray, 2020 WL 1943476, at *3. Therefore, Morgan's request for home confinement is denied.

For the reasons stated,

IT IS THEREFORE ORDERED that Morgan's motion for compassionate release (Doc. 37) is DENIED.

September 21, 2021

/s/   Thomas D. Schroeder
United States District Judge

7