IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

United States of America [
[
v   Case Nos: 1:14-cr-194-1
      1:14-cr-414-1
Donald Ray Morgan [
Defendant [

RESPONSE AND REPLY TO GOVERNMENT'S "MOTION TO DISMISS
AND RESPONSE"
---

Comes now the Defendant, Donald Ray Morgan, and, he makes the following Response and Reply to the Government "Motion to Dismiss and Response To Petitioner's Rehaif-Based Motion ...":

1) In this matter, the Defendant, Donald Ray Morgan, did not know that he was a felon "for purposes of federal law" as is required for him to have knowingly violated 18 USC §922(g), and 18 USC §924(a)(2). see, Greer v United States 141 S Ct 2090 (2021) (Sotomayor, concur). The government says that the mere fact that he had been previously convicted of a felony is sufficient for this Court to assume that he was aware of his status and dismiss this Motion. However, it ignores the conditions under which Greer was decided, summarized by Justice Sotomayor in her dissent:

> "Today's decision also should not be read to create a legal presumption that every individual convicted of a felony under-stands he is a felon ... Standing alone, the fact of a prior felony conviction is hardly enough to meet that exacting standard. ... Even if a defendant was incarcerated for over a year ... that does not necessarily eliminate reasonable doubt that he knew of his felony status. For example, a defendant may not un-

-1-

derstand that a conviction in juvenile court or a misdemeanor under state law can be a felony for purposes of federal law."

2) As a preliminary, the government's combination of an answer and a motion to dismiss into the same pleading is bad form. They should have simply made a motion under Fed.R.Civ.p. 12(b)(6).

3) The government agrees generally that if Morgan was not apprised at the time of his guilty plea of every element of the offense, this was reversible error. response p 5 citing Bousley v United States 523 US 614 (1998), Smith v O'Grady 312 US 322 (1941). It also agrees that a showing of actual innocence overcomes procedural default. response p 7 citing United States v Fugit 703 F 3d 248 (4th Cir 2012), Bousley. It also, however, spends most of its motion confusing the need for a threshold showing of actual innocence to avoid dismissal with a showing of merit. response p 3-16. Here, because the issue Morgan raises is mostly one of law, the distinction doesn't require a lot of discussion; he prevails either way.

4) Morgan and the government agree that he was was released from prison April 11, 1999, having served an actual 25 months of imprisonment. Morgan and the government also agree that the Felony Firearms Act, NC Gen Stat §14-415.1 (1995), was in effect at the time of Morgan's release, and, that it barred him from owning firearms outside of the home or business for five years, and, then, barred him from owning handguns or certain other short barrelled weapons thereafter. The government does not contest that Morgan was advised by his probation agent that his rights to own firearms were restored to some degree after his release.

5) The restoration of a felon's gun rights renders him no longer a

-2-

Case 1:14-cr-00414-TDS   Document 36   Filed 10/05/21   Page 2 of 4

felon under federal law. United States v Essick 935 F 2d 28 (4th Cir 1991).

6) Pre-Rehaif, the status element of 18 USC §922(g) was considered under a strict liability standard, so, scienter was irrelevant to guilt. As such, the Fourth Circuit repeatedly rejected challenges from persons in North Carolina who stated that they had been advised that their gun rights had been restored. see, eg, United States v Parks 442 Fed Appx 23 (4th Cir 2011). The government here contests that every person convicted of a felony "knows" that they are a felon under federal law, and, the fact that they are unaware of what impairment that brings is not a defense to 18 USC §922(g) because it creates a "willfulness" requirement where 18 USC §924(a)(2) requires only a scienter of "knowingly". But, this ignores the fact, raised by Justice Sotomayor, that "felon" is a term of legal art that incorporates many things not typically considered to be felonies. Here, the facts are that Morgan had been advised that, regardless of his factual history, under the law, his rights had been restores and he was no longer a felon. This makes him similarly situated to the Defendant in Parks.

7) In Parks, the Fourth Circuit found that a good faith belief that you were no longer a felon because your rights had been restored was not a defense because the "felon" element of 18 USC §922(g) had no scienter element (it actually does not use the word "felon", but Morgan describes its requirements using that colloquial here). That's obviously abrogated by Rehaif. It also rejected Parks' suggested defense of entrapment by estoppel (see, eg, Raley v Ohio 360 US 423 (1959), United States v Aruino-Chacon 109 F 3d 936 (4th Cir 1997)), again because scienter was irrelevant. If you were a

-3-

Case 1:14-cr-00414-TDS   Document 36   Filed 10/05/21   Page 3 of 4

felon when <u>Parks</u> was decided, it really didn't matter what anyone had told you or what you believed. That has also gone out of the window with <u>Rehaif</u>.

8) Because a good faith belief that one is not a felon is enough for a reasonable jury to acquit post-<u>Rehaif</u>, and, because Morgan has a very good entrapment by estoppel defense, as his probation officer told him that his right to keep and bear a firearm had been restored, this Court cannot say as a matter of law that Morgan is not actually innocent of violating 18 USC §.922(g). Further, the government has presented no evidence that Morgan actually knew he was a "felon" under federal law when he possessed the AK-47; his PSR is obviously not relevant, as it did not give him notice of his status until just before sentencing. Because Morgan honestly believed that he was not a felon when he possessed the gun in question, this Court either has to give the government an extraordinary extra chance to prove otherwise at an evidentiary hearing, for which there should be some proffer of evidence here at the pleading stage, or, it has to vacate the conviction and remand this matter for trial.

Respectfully Submitted,

*Donald Ray Morgan*
Donald Ray Morgan
USP-Marion
PO Box 1000
Marion, IL 62959

### CERTIFICATE OF SERVICE

I hereby certify that this Response and Reply was mailed to the Clerk of the Court and the US Attorney's Office for the Middle District of North Carolina this 28th day of September, 2021, 1st Class Postage Prepaid.

*Donald Ray Morgan*
Donald Ray Morgan