# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| DONALD RAY MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:20CV965 |
| | ) | 1:14CR194-1 |
| UNITED STATES OF AMERICA, | ) | 1:14CR414-1 |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (1:14-cr-00194-1, Docket Entry 33; 1:14-cr-00414-1, Docket Entry 23) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Petitioner pled guilty to possession of a firearm by a convicted felon and attempting to provide material support to a foreign terrorist organization. (1:14-cr-00194-1, Docket Entry 28; 1:14-cr-00414-1, Docket Entry 18.) He was later sentenced to 243 months of imprisonment and judgment was entered on June 5, 2015. (*Id.*) He did not appeal. (1:14-cr-00194-1, Docket Entry 33, § 8; 1:14-cr-00414-1, Docket Entry 23, § 8.) Instead, he filed the instant motion, which was executed on September 28, 2020 and filed on October 19, 2020. (1:14-cr-00194-1, Docket Entry 33; 1:14-cr-00414-1, Docket Entry 23.) The Government filed a motion to dismiss. (1:14-cr-00194-1, Docket Entry 41; 1:14-cr-00414-1, Docket Entry 31), to which Petitioner filed a response (1:14-cr-00194-1, Docket Entry 46; 1:14-cr-00414-1, Docket Entry 36). Petitioner has also filed a motion requesting discovery. (1:14-cr-00194-1, Docket Entry 35;

---

[1] Petitioner has filed the instant § 2255 motion in both cases 1:14-cr-00194-1 and 1:14-cr-00414-1; however, his conviction under 18 U.S.C. § 922(g)(1) appears only in case 1:14-cr-194-1.

1:14-cr-00414-1, Docket Entry 25.) This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUND FOR RELIEF

Petitioner raises a single ground for relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (1:14-cr-00194-1, Docket Entry 33, Ground One; 1:14-cr-00414-1, Docket Entry 23, Ground One.) In that case, the Supreme Court held that § 922 does not criminalize a defendant's "innocent mistake" and that a conviction under § 922(g) therefore requires "knowledge of [the] status" that renders firearm possession unlawful. *Id.* at 2197; *see also id.* at 2198 (explaining that § 922(g) does not criminalize possession of a firearm by a convicted felon who was "sentenced only to probation . . . [and] who [did] not know that the crime [was] 'punishable by imprisonment for a term exceeding one year'").

Here, Petitioner attempts to use *Rehaif* to claim that his conviction is invalid because he did not have the requisite knowledge that as a convicted felon, he was prohibited from possessing a firearm. (1:14-cr-00194-1, Docket Entry 33, Ground One and Attach. 1; 1:14-cr-00414-1, Docket Entry 23, Ground One and Attach. 1.) Petitioner also argues that he is "actually innocent" of his offense because (1) at the time of his release from post-release supervision in 1999, North Carolina law permitted felons to possess firearms in their own home or lawful place of business, (2) he was allegedly advised of such by his parole officer, and (3) he did not, as a result, have the requisite knowledge that he was prohibited from possessing a firearm. (1:14-cr-00194-1, Docket Entry 33, Ground One and Attach. 1 at 1-2; 1:14-cr-00414-1, Docket Entry 23, Ground One and Attach at 1-2.) Nevertheless, as explained below, Petitioner's *Rehaif* argument is time-barred, procedurally barred, and without merit.

2

A. **Petitioner's ground is time-barred.**

Respondent requests (1:14-cr-00194-1, Docket Entry 41 at 2-3; 1:14-cr-00414-1, Docket Entry 31 at 2-3) dismissal on the ground that Petitioner's motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. When a defendant does not file an appeal, his conviction becomes final fourteen days after the entry of judgment. *Clay v. United States*, 537 U.S. 522, 524-27 (2003); Fed. R. App. P. 4(b)(1)(A). Here, Petitioner's fourteen-day period for appeal began on the day judgment was entered on June 5, 2015. Petitioner therefore had fourteen days—that is, until June 19, 2015—to appeal, which he did not do. Consequently, Petitioner's one year period to file a § 2255 motion began on June 19, 2015 and ended one year later on June 19, 2016. However, Petitioner's instant motion was not filed until 2020. Therefore, unless another subsection renders the motion timely, it must be dismissed.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. The Supreme Court decided *Rehaif*, on June 21, 2019. *Rehaif*, 139 S. Ct. at 2191. Petitioner filed his motion, at the earliest, on September 28, 2020. (1:14-cr-00194-1, Docket Entry 33; 1:14-cr-00414-1, Docket Entry 23.) Consequently, Petitioner's motion was filed more than one-year after *Rehaif* was decided.[2] Petitioner's motion is not timely under § 2255(f)(3).

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). *United States v. Whiteside*, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's motion is untimely.

The Supreme Court has also determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v.*

---

[2] Nor can Petitioner persuasively argue that the instant motion was timely because it was filed within one year of the Fourth's Circuit decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), which was decided on March 25, 2020. *Gary* held that "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights" and "that the error seriously affected the fairness, integrity and public reputation of the judicial proceedings[.]" *Id.* at 200. Thus, the Fourth Circuit's decision in *Gary* is based on a *Rehaif* error, and any one-year limitation for filing a § 2255 motion would be based on the date of the *Rehaif* decision. Additionally, Petitioner may not rely on *Gary* to support his ground for relief, because *Gary* was recently reversed by the United States Supreme Court in *Greer. See Greer v. United States*, 141 S. Ct. 2090, (2021).

4

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His ground is untimely and should be dismissed.[3]

### B. Petitioner's ground for relief has been procedurally defaulted.

The Fourth Circuit recently summarized the principles of procedural default:

> Generally speaking, habeas proceedings are not the time to raise arguments a prisoner could have made, but did not, in the proceedings culminating in his conviction. Principles of procedural default sharply limit a prisoner's ability to raise on collateral review claims not raised in his initial criminal proceeding or on direct appeal.

*Marlowe v. Warden*, *FCI Hazelton*, 6 Fed. 4th 562, 571 (4th Cir. 2021). Such is the case here.

More specifically, because Petitioner did not assert a knowledge-of-status claim in his initial criminal proceedings or on direct appeal, that claim is procedurally defaulted. (1:14-cr-00194-1, Docket Entry 33, § 13; 1:14-cr-00414-1, Docket Entry 23, §13.) A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner meets none of these criteria.

---

[3] Any assertion that Petitioner is entitled to a later filing date because he is actually innocent of the felon in possession of a firearm conviction is unpersuasive. The Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the one-year deadline. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. As explained in this Recommendation, Petitioner has failed to demonstrate any likelihood that he was innocent of the firearm charge.

### 1. Petitioner has failed to demonstrate cause.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) *citing Murray v. Carrier*, 477 U.S. 478, 488 (1986). A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley*, 523 U.S. at 622 (*quoting Reed v. Ross*, 468 U.S. 1, 16, (1984)). Several courts have found that a *Rehaif*-type challenge to § 922(g) convictions was available long before *Rehaif* was decided; thus, this claim is likely not so novel as to establish cause for Petitioner's procedural default. *See United States v. Claytor*, Nos. 7:15CR00070, 7:20CV81427, 2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (collecting cases for the proposition that "[s]everal district courts in this Circuit . . . have rejected the novelty argument" of a *Rehaif* claim) (citations omitted).

Moreover, any alleged ineffective assistance of counsel also fails to serve as the cause for the default of Petitioner's *Rehaif* claim, because, at the time of Petitioner's 2014 plea hearing, controlling Fourth Circuit precedent held that a defendant's knowledge of his relevant status was not an element of an offense under § 922(g)(1) and § 924(a)(2). *See United States v. Langley*, 62 F.3d 602, 604-08 (4th Cir. 1995). Petitioner's counsel would have had to anticipate a change in the controlling law to have raised a *Rehaif*-type claim on direct review. However, counsel's failure to anticipate a change in the controlling law does not constitute deficient performance under *Strickland. See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (citations omitted); *see Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Thus, Petitioner fails to demonstrate that counsel was deficient for failing to raise this claim on direct review,

Case 1:14-cr-00414-TDS   Document 37   Filed 11/10/21   Page 6 of 12

and the ineffective assistance of counsel cannot serve as the cause for the default of his *Rehaif* claim. *See United States v. Finley*, 805 Fed. App'x 823, 827 (11th Cir. 2020) (rejecting an ineffective assistance of counsel claim when current law foreclosed *Rehaif*-based objection).

### 2. **Petitioner has failed to demonstrate prejudice.**

Proof of prejudice must demonstrate "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Crawley*, No. 4:15CR1, 2021 WL 2910724, at *2 (W.D. Va. July 12, 2021) ("Since Crawley has provided no evidence which could have raised reasonable doubt at trial as to whether he knew he was a felon, he suffered no prejudice from pleading guilty without knowing that the government would have to prove this element.").[4]  As explained below, Petitioner has failed to establish prejudice.

Here, there is ample evidence that Petitioner had knowledge of his status as a convicted felon. For example, the pre-sentence report indicates Petitioner was sentenced to an active term of 25 to 39 months of imprisonment on a felony discharge weapon into occupied

---

[4] The Supreme Court held in *Greer* that to demonstrate prejudice from entering a guilty plea without being informed of § 922(g)'s knowledge-of-status element, one must show that "he would have presented evidence at trial that he did not in fact know he was a felon," and show that but-for the error "there is a reasonable probability that he would have gone to trial rather than plead guilty." *Greer*, 141 S. Ct. at 2098, 2100. Although *Greer* articulated the threshold to show prejudice for this *Rehaif* error in a direct appeal under the plain-error standard, the framework is nonetheless instructive in the habeas context where Petitioner alleges the same error. In fact, the actual prejudice standard for collateral attacks is a "significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Indeed, a habeas petitioner must show not just that the purported error "created a *possibility* of prejudice," or "prejudice *per se*," but rather he must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

property conviction. (1:14-cr-00194-1, Docket Entry 21 ¶ 59; 1:14-cr-00414-1, Docket Entry 12, ¶ 59.) He was convicted on March 12, 1997 and not paroled until April 11, 1999. (*Id.*) Thus, he actually served in excess of 12 months of imprisonment.[5] (*Id.*) Importantly, Petitioner admits his own felony conviction in his § 2255 motion saying, "he was unaware that his felony conviction in North Carolina for Discharging a Firearm Into Occupied Property prohibited him from possessing a long gun, the charged AK-47, on his own property." (1:14-cr-00194-1, Docket Entry 33, Attach. at 1; 1:14-cr-00414-1, Docket Entry 23, Attach. at 1.) Thus, Petitioner's contention is not that he was unaware of his felony conviction, but instead that he was unaware he could possess a firearm. (*Id.*) Such evidence plainly rebuts any suggestion that the Petitioner did not know of his status as a convicted felon.

To the extent that Petitioner argues he did not know he was prohibited from possessing a firearm because of his felony conviction, there is no such requirement for § 922(g) prosecutions. *United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) ("There is no basis in the Court's reasoning [in *Rehaif*] to extend the typical scienter requirement beyond these elements to the knowledge that possession of a firearm is prohibited. But there are several good reasons to reject such an extension."). Absence of this information from a Rule 11 colloquy or plea would not result in actual prejudice because it is not a required element of a § 922(g) conviction. Petitioner therefore cannot demonstrate the actual prejudice necessary to excuse his procedural default for this argument either. Thus, because the *Rehaif* error did not

---

[5] *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

"work[ ] to his *actual* and substantial disadvantage," he has not demonstrated prejudice. *Murray*, 477 U.S. at 494.

### 3. Petitioner has failed to demonstrate actual innocence.

Likewise, Petitioner cannot establish that he is actually innocent of violating § 922(g)(1). As the Supreme Court has made clear, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.*

This standard is particularly difficult to meet in the context of a *Rehaif* error. "The Government's obligation to prove a defendant's knowledge of his felony status is not burdensome, as 'knowledge can be inferred from circumstantial evidence.'" *United States v. Sumter*, No. 3:02-cr-00499, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021) (quoting *Rehaif*, 139 S. Ct. at 2198). The Supreme Court recognized the difficulty faced by such defendants:

> If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. The simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.

*Greer*, 141 S. Ct. at 2097 (citation omitted).

Petitioner does not meet this standard for the reasons discussed in the prejudice section of this Recommendation.[6] For all these reasons, because Petitioner's *Rehaif* claim is

---

[6] There is also ample evidence in the record that Petitioner possessed the firearm in question and that it traveled in interstate commerce. (1:14-cr-00194-1, Docket Entry 12 at 2 and Docket Entry 21, ¶¶ 4-10, 30; 1:14-cr-00414-1, Docket Entry 4 at 2 and Docket Entry 12, ¶¶ 4-10, 30.)

9

procedurally barred and he cannot establish either cause and prejudice or actual innocence to

excuse the default, his motion should be dismissed. *See Bousley*, 523 U.S. at 622.[7]

### C. Petitioner's *Rehaif* claim fails on the merits.

Last, even assuming Petitioner's *Rehaif* claim was timely filed (which is not the case)

and was procedurally proper (which is not the case) it would most certainly fail on the merits.

The Supreme Court has held, a "less onerous harmless-error standard" applies on collateral

review. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (holding an error is harmless unless it

has a "substantial and injurious effect or influence in determining the jury's verdict"); *see also*

*United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013) (holding *Brecht*'s harmless-error review

standard, applicable to § 2254 cases, is also applicable to § 2255 cases).

As demonstrated above, Petitioner was sentenced and served more than one year in

prison before he possessed a firearm in this matter. Petitioner cannot credibly argue that he

was unaware that he had been convicted of at least one crime punishable by imprisonment for

a term exceeding one year when he possessed the firearm in question here. Given that

convicted felons like Petitioner typically know they are convicted felons, and know further

that the Government would have little trouble proving this, it is hard to imagine how

---

[7] Even if North Carolina law allowed Petitioner to possess a firearm in some instances, he could not possess firearms at all under federal law. This is because, if state law prevents possession of any type of firearm based on a person's past convictions, the person cannot possess any type of firearm under federal law. This is true even as to the firearms allowed by the state. *Caron v. United States*, 524 U.S. 308, 312-17 (1998); *United States v. Farmer*, 49 Fed. App'x 487 (4th Cir. 2002) (concluding that the fact that a felon was allowed to possess a firearm in his home under North Carolina law did not foreclose his prosecution under federal law for being a felon in possession of a firearm). Petitioner does not claim that his rights to possess firearms had been fully restored as to every type of firearm, but only that they were partially restored "to some degree" (*i.e.*, as to some types of firearms in certain locations); therefore, he could not possess any firearm under federal law. (1:14-cr-00194-1, Docket Entry 46 at 2-3; 1:14-cr-00414-1, Docket Entry 36 at 2-3.)

Petitioner's conviction or guilty plea was prejudiced by any error under *Rehaif. See Greer*, 141 S. Ct. at 2097; *Caldwell*, 7 F.4th at 213; *see also United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."). For all of these reasons, Petitioner's motion warrants no relief.

## Motion Requesting Discovery

Petitioner has also filed a motion requesting discovery. (1:14-cr-00194-1, Docket Entry 35; 1:14-cr-00414-1, Docket Entry 25.) Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but, "[u]nlike other civil litigants, a . . . habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)), *cert. denied*, 130 S.Ct. 1073 (2010)). Instead, before beginning discovery, a petitioner must obtain leave of court by showing good cause. *Bracy*, 520 U.S. at 904, 908-09; *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens*, 570 F.3d at 204. Here, Petitioner has failed to include specific allegations suggesting he will be able to demonstrate an entitlement to relief and has failed to demonstrate good cause for discovery. It is therefore proper to deny the motion and any request in the pleadings for discovery.

11

## CONCLUSION

Petition's motion is time-barred, barred by procedural default, and without merit.

**IT IS THEREFORE ORDERED** that Petitioner's motion requesting discovery (1:14-cr-00194-1, Docket Entry 35; 1:14-cr-00414-1, Docket Entry 25) be **DENIED.**

**IT IS THEREFORE RECOMMENDED** that the Government's motion to dismiss (1:14-cr-00194-1, Docket Entry 41; 1:14-cr-00414-1, Docket Entry 31) be **GRANTED** and that Petitioner's motion (1:14-cr-00194-1, Docket Entry 33; 1:14-cr-00414-1, Docket Entry 23) to vacate, set aside, or correct sentence be **DISMISSED**, and that judgment be entered dismissing the action.

Joe L. Webster
United States Magistrate Judge

November 10, 2021
Durham, North Carolina

12