UNITED STATES OF AMERICA ]

]

V ] Case Nos.

] 1:14-cr-194-1

DONALD RAY MORGAN ] 1:14-cr-414-1

a/k/a ASADULLAH BIN MORGAN AL-MUJAHID ]

defendant ]

**RESPONSE AND REPLY TO "ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE"**

COMES NOW the defendant, Donald Ray Morgan, Pro Se, to submit his objections under Fed. R. Civ P 72(b)(2). Morgan also asks this Court to review de-novo all recommendations.

I. Preliminary Matters

Morgan is not certain that he can meet the Fourth Circuits high bar for de novo review, Fed. R. Civ P 72(b)(3) (only 'proper' objections mandatorily considered de novo); yet, Morgan did what research that he could within his capacity, and quite perhaps beyond it. Therefore, Morgan asks this Court to bear in mind this proceeding regards his freedom or subjugation; this isn't a simple civil matter of little 'restraint' consequence.

Morgan further beseech this Courts professional and just

1 of 12

disposition that it review these claims de nove, even if Morgan is unable to state a 'proper objection', id. Morgan meaningfully recall this Court to his sentencing hearing where, despite his counsel had manipulated and compelled him into signing a plea for the statutory maximum on all counts charged, it was this Court who admonished the United States and refused to blindly depart so far from the guidelines that no dignified claim to the law could have thereafter been made. Morgan comes now to appeal to this Court's well administered discretion just as it manifested when it recommended that Morgan be placed into a BOP facility near his cancer stricken mother. The defendant is grateful for this Court's consideration.

## II. <u>Preliminary Distinctions of Morgan's Claims</u>

A researched reading into this Circuit's treatment of <u>Rehaif</u> – based cases reveals almost all have failed, but that almost all are completely unlike Morgan's facts and law upon which makes Morgan's claim the most worthy of <u>Rehaif</u> like treatment as well as being the strongest claim this Court has been presented with so far. <u>Rehaif v US</u>, 139 SCt 2191 (2019)

<u>Merrit</u>, ~~Jackson~~ and <u>Moore</u> all admitted to police at the time of the issue conduct that they knew they were felons, Morgan never stated such nor has the U.S. claimed such of him. <u>Merrit v US</u> 499 F Supp. 249, 60 (E.D. Va. 2020);

US v Jackson 2021 US Dist LEXIS 33532 at *41-42 (DSC Feb 23, 2021)
US v Moore 2021 US Dist LEXIS 17505 at *4-5 (W.D. Va Jan 29, 2021).

Merrit, Claytor and Jackson had all been career criminals, convicted of 3, 10 and 7 felonies, respectively, prior to their offense of 922(g)(1) at issue here. Supra ; US v Claytor 2021 WL 62272 (W.D. Va Jan 7 2021). Moreover, Merrit and Claytor had prior felony convictions of felon in possession of a firearm. Here, prior to Morgan's current issue 922(g)(1), he had only been convicted of a single state felony 15 years prior and had no law enforcement engagement nor criminal acts since. Morgan was a 'productive citizen' in the community.

In the case of Merrit and Claytor, they admittedly had been informed by the probation office about their inability to possess firearms, supra. As to Jackson and Moore, while the record is silent on the issue of probation happenings, the Court indicated that they had not had their rights restored by the state to any degree, supra. Morgan, however, was informed by his probation officer that his rights to vote, office, jury and possess firearms were restored upon his release in 1999. Morgan even held the office of Notary Public for apprx. 7 years. None of these facts are in dispute by the government.

This case deserves this Court's full attention, and Morgan will provide adequate proof for relief to vacate his 922(g)(1)

Case 1:14-cr-00414-TDS   Document 40   Filed 12/28/21   Page 3 of 13

conviction due to his lack of knowledge of status having had his gun rights restored among other arguments will be presented.

III. Objections to Recommendations

a. Magistrate improperly found no cause existed

The Magistrate's Order and Recommendation of the U.S. Mag. Judge [hereafter Order], (B)(1) fails to recognize that "the Fourth Circuit has not decided whether Rehaif claims are novel [and that] district courts within the Fourth Circuit have disagreed on the issue." Moore US Dist LEXIS 17505 at *3

"Moreover, pursuant to Reed, Rehaif, supra, overturns a long-standing and wide spread practice to which this court has not spoken, but which a near-unanimous body of lower courts have expressly approved." Reed v Ross 468 US 617 (1984) ... Here, the Court finds that defendants had not been making Rehaif like claims to challenge 922(g)'s knowing requirement prior to Rehaif because the claim was not available to counsel of defendants.") Merrit 499 F Supp at 258 (finding cause).

b. Magistrate improperly found no prejudice existed

The Magistrate Order (B)(2) in finding lack of prejudice due to Morgan's language in his 2255 motion, or for that matter

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 4 of 13

the U.S.'s allegations of lack of prejudice due to Morgan's responses to a PSR inquiry in which he admitted a felony conviction, are all ignorant of the fact that, "one can stipulate he was a felon without stipulating that he knew he was a felon... stipulations are one factor out of many that may be probative of the defendant's knowledge of his prohibited status," Merrit 499 F. Supp et 61; Gov't's Motion Dismiss Resp. Pet'r's Rehaif-based mot. under 28 USC 2255 To Vacate Set Aside Corr. Sent. (government's PSR and language of 2255 motion attacks); US v Raymore 965 F 3d 475, 85 (6th Cir 2020), cited in Merrit.

The element of scienter hasn't anything to do with Morgan's state of mind post-conduct and everything to do with what Morgan knew and believed at the time in question. The issue isn't 'did Morgan know that he was a felon because the Court had very clearly, and to his detriment, convicted him of 922(g)(1); The issue is did Morgan know before his arrest that he was a felon, there answer is no.
Any alleged statements not pertaining to his knowledge during the conduct in question is irrelevant. For example, Morgan could declare with certainty that after having been convicted of 922(g)(1) that he was a felon. Yet, this doesn't negate the fact that Morgan didn't know then at the time of issue he was a felon, who was prohibited from possessing the rifle nor completing the otherwise lawful transaction supra Merrit.

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 5 of 13

As to prejudice, "a petitioner must show that because of the Court's Rehaif error at his guilty plea hearing, he was prejudiced by the denial of an entire judicial proceeding to which he had a right." Lee v US 137 Sct 1958, 65 (2017) (stating he must show that there was a "reasonable probability," that, but for counsel's error, he would have not pleaded guilty, and would have gone to trial." (quoting Hill v. Lockhart 474 US 52, 54 (1985)).

Firstly, Morgan pled to the statutory maximum of 10 years, even barring Rehaif, it's not hard to imagine that he would have gone to trial if not for his lawyer's manipulation and coersion. See supra Merrit; Jackson; Claytor; Moore (finding no prejudice, in part, due to the fact that by the defendant's pleading guilty, they avoided more serious charges). Here, Morgan was not subject to more serious punishment and so the prospect of trial was very much likely given the required element of scienter.

Secondly, Morgan asserts unequivocally that due to the counseling of his probation officer concerning his restoration of rights in conjunction with NC GS 14-415.1, Such alone is 'legal tender' to show that Morgan wouldn't know that he would be a felon, prohibited status under federal law. See also supra (II) (distinguishing Morgan's largely innocent and law abiding life, he would have

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 6 of 13

certainly felt that jury would understand this common, everday man's argument and would have easily ruled in his favor. After all, in North Carolina, there was a likelihood that a felon with restored rights could have been on the jury. It is unquestionable that the government knowing this would have made all attempts to exclude any jurors with prior felonies due to his argument at trial.

Thirdly, Morgan could have presented a clear estoppel by entrapment defense owing not only to the afore-mentioned counseling by his probation officer regarding restoration of rights, but owing to the fact that with recognition of scienter as an element of the offense, not only would ~~estoppel by entrapment~~ entrapment by estoppel be available to Morgan, but this Circuit would likely have had to accept that even if no federal official told Morgan that he wasn't a felon (prohibited status), several state officials having made representations of legality and citing under current North Carolina law would have suffice. See US v Etheridge 932 F. 2d 318, 21 (4th Cir. 1991) ("here, while state officials provided the interpretation upon which appellant relied, federal officials indicted and convicted him ... on the other hand, in both Supreme Court cases [Cox and Raley], state officials had interpreted state law and subsequently convicted ... under state law. This distinction is

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 7 of 13

important here, particularly, where in knowledge of one's status as a convicted felon is not an element of the offense of receiving firearms.") See also US v Parks 442 F Appx 23, 25 (4th Cir 2011)(similar).

Moreover, Morgan, after his release, lived a productive, contributive life in the community within the rights and boundaries explained to him by his probation officer within the law as he had been advised. In other words, Morgan had a "lack of predisposition... to commit the crime." US v Sligh 142 F. 3d 761, 62 (4th Cir 1998)(elements of entrapment).

Additionally, Morgan's defense at trial would easily have been two-pronged contesting the existence of scienter and entrapment by estoppel. Interestingly, because the latter requires that one have "acted in reasonable reliance upon representations by government officials" each defense would have buttressed the other, ie. Morgan's entrapment argument also goes to the lack of scienter. US v Ray 1999 US App LEXIS 26822 at *6-7 (4th Cir Oct 25, 1999)(stating in full, "the local police like-wise never spoke to [the defendant] about the firearm and therefore could not have assured him that it was legal for him, as a convicted felon, to possess a fire-arm ... there were no assurances of permissibility from any law enforcement officer or government official"-in context of rejecting entrapment defense in a 922(g)(1).

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 8 of 13

Fourthly, even Justice Sotomayor mentioned in Greer that the "passage of time" is another factor that effects the scienter calculus of a defendant, such is on par with Morgan's case and can't be disputed. Greer v US 141 SCt 2090 (2021). Because 15 years had passed, Morgan didn't know that he was a felon.

For all of these reasons, including those distinctions mentioned above, see supra Part (II), there is cause, prejudice and Morgan certainly would have went to trial because he didn't know he was a felon having followed the law over 15 years in reliance of state law and law enforcement officials assurances of legality concerning his ability to possess firearms while not running afoul of any felony gun restrictions laws, because he didn't understand that he was considered a 'prohibited status' either in terms of federal laws nor in terms of firearms possession.

Regardless of Caron, which states even restriction on right to possess just one firearm makes one a felon for purpose of 922(g)(1), this is a legal principal known to lawyers and judges exclusively. Caron v US 524 US 308, 12-17 (1998). This has nothing to do with a defendant's post-Rehaif scienter argument, because scienter is an evaluation of a defendant's state of

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 9 of 13

mind not the strict-liability case law evaluation of legal advocates.

C. <u>Magistrate improperly found Morgan in Procedural default</u>

Because cause and prejudice exist, this claim is not defaulted. <u>Bousley V US</u>, 523 US 614, 22 (1998)

d. <u>Magistrate improperly found no valid claim for actual innocence</u>

In the Magistrate Order (B)(3), Morgan objects for all the reasons that he alleged prejudice, supra Part (III)(b), ie - for those reasons "no reasonable juror would have convicted me". <u>Bousley v US</u> 523 US at 623.

e. <u>Magistrate improperly found procedurally time barred</u>

In the Magistrate's Order (B)(3), he finds no 'actual innocence' and states Morgan "procedurally barred". Morgan asserted actual innocence in his section addressing prejudice, supra Part (III)(b), therefore he is not barred and this claim is timely.

f. <u>Guilty plea is invalid on many grounds</u>

Case 1:14-cr-00414-TDS    Document 40    Filed 12/28/21    Page 10 of 13

Even if there was overwhelming evidence of Morgan's guilt as to knowledge of status, because he wasn't informed of the <u>mens rea</u> requirement, the plea is invalid. <u>Henderson v Morgan</u>, 426 US 637, 45-46 (1976). The plea is also constitutionally invalid if Morgan "would have pleaded guilty regardless" <u>US v Dominguez-Benitez</u> 542 US 74, 84 (2004)

g. <u>Morgan's plea wasn't 'voluntary' nor 'intelligent'</u>

Morgan's 'lawyer' manipulated and coerced him into signing for the <u>statutory maximum</u> on all counts by warning Morgan, if he went to trial that the US Atty. Graham Green and the FBI would pressure or even charge my cancer stricken mother and ex-wife. Morgan's 'lawyer' stated that they probably couldn't charge them, but could they undergo the stress and difficulties, emotionally or financially? Morgan not only agreed to sign the plea, but he would sign for execution to spare his family any hardships or harassment. Therefore, Morgan's plea wasn't "voluntary". <u>Bousley v US</u> 523 US at 618. <u>Prima Facia</u> proof of this, and of the fact that Morgan's plea wasn't "intelligent" is the fact any well advised, non-coerced defendant, not under threat of more punishment would have 'chanced' a trial rather than plea for the <u>STATUTORY MAXIMUM</u> . id

Morgan, acting Pro Se and a layman of federal law and court procedures, concedes that he should have raised these claims in his original 2255 pleading and moves this Court for its discretion and mercy.

I, Donald Ray Morgan, declare under penalty of perjury that the aforementioned is true and correct.

Donald Morgan 80886053
ADX Florence
Po Box 8500
Florence, Co 81226-8500

Executed on 16 Dec 2021

<u>CERTIFICATE OF SERVICE</u>

I, Donald Morgan aka Asadullah bin Morgan al-Mujahid, do declare under penalty of perjury that I have this 17th day of December, 2021, served a copy of the foregoing upon the Clerk of Court for the Middle District of North Carolina, 1st Class Postage Prepaid and given to the appropriate BOP Officials for placement at USPS.

Donald R Mus         17 Dec 2021

Donald Morgan 80886053
ADX Florence
PO Box 8500
Florence, CO 812268500

1 of 1