IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:14-CR-194 |
| v. | ) | 1:14-CR-414 |
| | ) | |
| DONALD RAY MORGAN | ) | |

**<u>MEMORANDUM ORDER</u>**

Before the court are two motions related to pro se Defendant Donald Ray Morgan's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docs. 74, 75.)[1] In the first motion dated June 24, 2024, Morgan states that he did not receive a copy of this court's June 4, 2024 memorandum order denying his motion for compassionate release, and he requests that a copy be sent to him and that the court grant a 30-day extension "for his filing of a Rule 59(e) motion." (Doc. 74 at 1 (capitalization modified).) In his second filing dated July 17, 2024, Morgan acknowledges that he received a copy of the court's June 4, 2024 memorandum order (although he does not state when), and moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 75.)

I.  **BACKGROUND**

This case arises from Morgan's October 30, 2014 plea of guilty to being a felon in possession of a firearm in violation of 18

---

[1] Morgan's identical motions have been filed in case numbers 1:14-cr-194 and 1:14-cr-414. The court refers to the docket entries in 1:14-cr-194 unless otherwise indicated, but this opinion applies to the motions in both cases.

U.S.C. § 922(g)(1) (1:14-cr-194) and attempt to provide material support to a foreign terrorist organization, namely the Islamic State of Iraq and Syria ("ISIS"), in violation of 18 U.S.C. § 2339B (1:14-cr-414). (Doc. 28.) On May 13, 2015, the court sentenced Morgan to 63 months imprisonment for the § 922(g)(1) conviction and to the then-applicable statutory maximum of 180 months for the § 2339B conviction, to run consecutively. (Id.) Morgan's presumptive release date is May 14, 2032. Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is currently incarcerated at USP Florence. Id. He is 54 years old. (Doc. 21 at 2.)

Morgan filed a motion to vacate, set aside, or reduce sentence pursuant to 28 U.S.C. § 2255. (Doc. 33.) This court denied his motion (Docs. 51, 52), and the Fourth Circuit dismissed Morgan's appeal for lack of jurisdiction because the notice of appeal was not timely filed (Doc. 58).

Morgan filed a motion for compassionate release on July 19, 2021. (Doc. 37.) He raised several grounds, including his mother's failing health and his efforts at rehabilitation. The Government responded in opposition. (Doc. 38.) The court denied the motion on September 21, 2021. (Doc. 44.)

Morgan filed a second – his present – motion for compassionate release on August 28, 2023. (Doc. 61.) He argued that a combination of sentencing disparities, reduced recidivism risk,

2

and his sciatic nerve disorder constitute extraordinary and compelling reasons for compassionate release. (Id. at 1-3.) The Government disagreed that any of these circumstances individually, or cumulatively, amounted to grounds for a sentence reduction. (Doc. 65.) On June 4, 2024, this court issued a memorandum order denying Morgan's motion for compassionate release. (Doc. 71.) He now seeks reconsideration of that order.

## II. ANALYSIS

Motions for reconsideration are generally disfavored. The court gives careful consideration to each matter before it, and most motions require extensive review of the record. The court does not issue a decision until it has satisfied itself it has properly reviewed the parties' filings, the record, and the law. Thus, motions for reconsideration that merely re-argue what the court considered before ruling fail to demonstrate grounds for reconsideration.

In the civil context, the Fourth Circuit recognizes three limited grounds for a district court to grant a motion for reconsideration: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). But this is a criminal case. When it comes to criminal judgments, reconsideration is generally disfavored as well, but

3

for reasons of finality.  See, e.g., United States v. May, 855 F.3d 271, 274-75 (4th Cir. 2017) (stating that the prohibition on § 3582(c)(2)-based motions for reconsideration is "not based on a limitation that Congress has clearly ranked as jurisdictional" but is "implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and 'the clear intent of § 3582 . . . to constrain postjudgment sentence modifications'" and is subject to waiver) (quoting United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010)).  A motion for compassionate release differs from a request to modify a criminal sentence and, as such, is not bound by the same finality considerations.  Perhaps for this reason some courts have applied the civil standard to motions for reconsideration of decisions denying compassionate release.  See, e.g., Zellner v. United States, No. 2:99-CR-164, 2020 WL 5240579, at *2 (E.D. Va. Sept. 2, 2020).  Therefore, the court assumes without deciding that the more forgiving civil standard provides guidance here.  Having carefully reviewed Morgan's filings and applying that standard, the court determines that its previous decision should not be altered.

Although the record is not clear as to when Morgan finally received a copy of the court's decision denying his motion for compassionate release, it is apparent he had the decision by the time of his July 17, 2024 motion for reconsideration, which refers

4

to the decision extensively. Consequently, the court will assume that his motion for reconsideration is timely. This renders Morgan's first motion (Doc. 74) moot.

In his 30-page motion for reconsideration (not including attachments), Morgan sets forth multiple grounds in support of his contention that the court erred in concluding that he has not demonstrated extraordinary and compelling reasons for compassionate release. In substance, the principal grounds are as follows: (1) the court erred in requiring a change in law; (2) the court erred when it rejected Morgan's argument to consider the average sentences for other defendants with like convictions and the alleged disparity with his sentence;[2] (3) the court erred in relying on "an erroneous factual premise that Morgan's guideline was 300 months";[3] (4) the court erred in presuming that Morgan was not entitled to relief because he received some relief at sentencing;[4] (5) the court failed to give meaningful consideration to Morgan's mitigating factors and rehabilitative efforts; (6) new evidence, most notably various letters of support and programs

---

[2] The court noted that even if it considered this argument, Morgan's sentence with the terrorism adjustment under U.S.S.G. § 3A1.4(a) was <u>less</u> than the average for other defendants who received such a sentencing adjustment. (Doc. 71 at 7-8.)

[3] The presentence report calculated Morgan's guideline range as 300 months (Doc. 21 at 25), and, contrary to this assertion, Morgan, through counsel, confirmed to the court at sentencing that this was the correct calculation (Doc. 40 at 4).

[4] The court made no such presumption. (Doc. 71 at 8.)

5

Morgan has completed, support a sentence reduction; (7) Morgan's conviction under 18 U.S.C. § 2339B bore no relationship to any "destructive device" or "multiple guns";[5] (8) Morgan was denied access to pretrial discovery; and (9) Morgan signed his plea agreement "to protect [his] family" because of pressure by the Federal Bureau of Investigation and the United States Attorney.[6]

To begin, grounds 3, 7, 8 and 9 attack the bases for the conviction and sentence. Such collateral attacks are cognizable, if at all, pursuant to a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. They are not cognizable on motion for compassionate release. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

Grounds 1 through 5 were addressed at length in the court's June 4, 2024 memorandum order. In raising his grounds, Morgan mischaracterizes the court's analysis. However, he has not demonstrated a clear error of law or that the court's decision works manifest injustice. Indeed, Morgan was sentenced at a variance of almost five years below the calculated guideline range. In short, as the court noted in its June 4, 2024 memorandum order,

---

[5] The destructive device - a "Street Sweeper" 12-gauge shotgun - and the multiple firearms were taken into account in the guideline calculation for the firearm conviction under 18 U.S.C. § 922(g)(1) in case 1:4CR194-1. (Doc. 21 at 9.)

[6] Contrary to his present assertions, at the plea hearing Morgan stated under oath that no one had made any threats or promises to him to induce his plea or attempted in any way to force him to plead guilty. (Doc. 39 at 12.)

Morgan's contentions that his sentence is greater than those whom he contends have been convicted of similar crimes fail, both factually and legally, to demonstrate extraordinary and compelling reasons for compassionate release.

Finally, Morgan attaches copies of letters of support and other materials in aid of his contention that there is new evidence to support his motion for compassionate release. (Doc. 75-1 through 75-3.) In the civil context, "new evidence" ordinarily contemplates evidence that was not available earlier. Courts require a party moving for reconsideration on the basis of newly discovered evidence to show the following:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried.

Slavin v. Imperial Parking, Civ. Case No.: PWG-16-2511, 2018 WL 337758, *4 (D. Md. Jan. 9, 2018) (quoting Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989) (other citations omitted)). Here, it is not clear that Morgan's "new evidence" was unavailable earlier, had Morgan sought to gather it when he filed his motion for compassionate release. Yet, the court will consider it now. Related to the "new evidence," Morgan also contends that he has moderated his views, has remorse and regret for his actions, and has taken classes to rehabilitate himself. He made these same

7

arguments in his original motion.  As the court noted earlier, if these are true, such rehabilitation would be a step in the right direction for him.  Nevertheless, rehabilitation is contemplated by the criminal justice process, and his rehabilitation is not itself an extraordinary and compelling reason for compassionate release.  U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.").  Nor are such rehabilitation efforts in conjunction with any other ground he has raised, whether expressly addressed here or not.

Morgan's incarceration no doubt works a hardship on family members, as noted in his letters of support.  This is true in virtually every case, and its impact is not lost on the court.  Unfortunately, however, this collateral effect is a consequence of conviction.  See United States v. Jeanes, 150 F.3d 483, 485 (5th Cir. 1998) (noting that the burden on the defendant and his family stemming from continued supervision is one of the "consequences [that] flow from choices he has made").

In sum, the court has considered all of Morgan's various bases for a sentence reduction, including any that are contained in his filings but are not expressly set out here.  The court confirms its finding that they do not, alone or cumulatively, give rise to extraordinary and compelling reasons for compassionate release.

The court also confirms its conclusion that even if

8

extraordinary and compelling reasons existed, which they do not, early release would not be appropriate in light of the factors under 18 U.S.C. § 3553(a).  Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a).  Morgan's offense conduct was extraordinarily serious, as well-documented in the presentence report.  (Doc. 21 ¶¶ 4-27 (describing possession of four firearms, including the 12-gauge "Street Sweeper" shotgun designated as a destructive device, his attempt to join ISIS, and his extensive extremist social media posts).)  His criminal history also includes a conviction for discharging a weapon more than once into an occupied building — namely, a restaurant occupied by 100 people, creating a great risk of death to more than one person.  (Id. ¶ 59.)  Further, while these disciplinary incidents occurred a few years ago, Morgan was found while incarcerated for the current offenses to have possessed a dangerous weapon, assaulted another person, encouraged others to riot, and punched another inmate.  (Doc. 65-3.)  Even taking into account any progress Morgan may be making at rehabilitation, granting his motion for compassionate release would fail to adequately reflect the seriousness of the offenses of conviction, his criminal history, the need for deterrence, and the need for the sentence to promote respect for the law.

9

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Morgan's motion for reconsideration (Doc. 75 in 1:14-CR-194; Doc. 64 in 1:14-CR-414) is DENIED.

/s/   Thomas D. Schroeder<br>United States District Judge

September 6, 2024